UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kenneth Brown,<br><br>                              Plaintiff,<br>        -v-<br><br>TDN Money Systems, Inc.,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Kenneth Brown ("plaintiff," or "Brown" ), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the defendant TDN Money Systems, Inc., ("defendant," or "TDN"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages, including liquidated damages and/or interest on overtime wages paid later than weekly, and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff alleges pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages, including liquidated damages and/or interest on overtime wages paid later than weekly, and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to maximum liquidated damages, including liquidated damages and/or interest on overtime wages paid later than weekly, and attorneys'

fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Kenneth Brown ("plaintiff" or "Brown") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief, defendant TDN Money Systems, Inc., ("defendant," or "TDN") is a Pennsylvania for-profit corporation duly authorized to do business in the State of New York.

9. Upon information and belief, defendant TDN maintains its principal place of business at 200 Racoosin Drive, Aston, PA 19014.

10. "Plaintiff" as used in this complaint refers to the named Plaintiff.

11. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, defendant TDN was engaged in the business of selling, installing, servicing and maintaining cash and ticket redemption

2

machines used by hundreds of casinos across the United States. www.tdnmoney.com.

13. Upon information and belief, and at all relevant times herein, defendant TDN at any given time, employed approximately thirty or more employees.

14. Plaintiff Brown was employed by defendant from on or about September 3, 2013 to on or about April 26, 2014.

15. At all times relevant herein defendant paid plaintiff a regular rate of approximately $25 an hour.

16. At all times relevant herein, plaintiff was employed by defendant as a mechanic who performed the manual and physical work of installing, repairing, and servicing very heavy cash and ticket redemption machines.

17. At all times relevant herein, plaintiff was employed by defendant within the State of New York and defendant placed plaintiff to work at Resorts World Casino in Queens, New York, pursuant to a contract between Resorts World Casino and defendant. Plaintiff worked at Resorts World for defendant five to seven days a week and serviced about 48 cash and ticket redemption machines.

18. At all times relevant herein, plaintiff worked about 48-60 hours a week for defendant. For example, plaintiff worked a minimum of 48 hours for each of the weeks of February 16, 2014 and February 23, 2014.

19. At all times relevant herein, defendant paid plaintiff for his overtime hours at the rate of $30 an hour instead of at the required overtime rate of at least 1.5 times plaintiff's hourly rate of approximately $25.

20. At all times relevant herein, plaintiff paid plaintiff bi-weekly.

21. The amount of plaintiff's hours and wages will be refined when defendant produces the

accurate versions of wage, time and employment records for plaintiff that defendant was required to keep pursuant to the FLSA and NYLL – accurate copies of such records are referenced and incorporated herein.

22. At all times applicable herein, defendant conducted business with vendors/entities/persons within and outside the State of New York.

23. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

24. At all times applicable herein and upon information and belief, defendant utilized the goods, materials, and services through interstate commerce such as cash machine equipment, parts and tools.

25. At all times applicable herein and upon information and belief, defendant conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

26. Upon information and belief, and at all relevant times herein, defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

27. Upon information and belief, and at all relevant times herein, defendant failed to notify plaintiff of his federal and state minimum wage and overtime rights and failed to inform plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

28. Plaintiff's termination by defendant also appears to be wrongful and upon further review, plaintiff will likely assert claims for wrongful termination in this action or in a separate action.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

29. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 28 above as if set forth fully and at length herein.

30. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FLSA.

31. At all times relevant to this action, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

32. At all times relevant herein, defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

33. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207, and failed/willfully failed to pay plaintiff his overtime wages weekly, as is required for manual workers like plaintiff, through the operation of NYLL 191.

## Relief Demanded

34. Due to defendant's FLSA overtime violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, maximum liquidated damages, including liquidated damages on wages paid later than weekly, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

35. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

36. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

37. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2, and failed/willfully failed to pay plaintiff his overtime wages weekly, as is required for manual workers like plaintiff, through the operation of NYLL 191.

**Relief Demanded**

38. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, including liquidated damages on overtime wages paid later than weekly, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages**

39. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

41. At all times relevant to this action, plaintiff was employed by defendant as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191, 193.

6

42. At all times relevant herein, defendant failed and willfully failed to pay plaintiff all his overtime wages, and failed to pay plaintiff his overtime and non-overtime wages on a weekly basis as required for manual workers like plaintiff, in violation of N.Y. Lab. Law §§ 191, 198.

## Relief Demanded

43. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, his unpaid wages, including his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, including liquidated damages on all overtime and non-overtime wages paid later than weekly, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

44. Declare defendant to be in violation of the plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder, and enjoin defendant from any and all further violations;

45. As to his **First Cause of Action**, award plaintiff his unpaid overtime compensation, maximum liquidated damages, including liquidated damages on overtime wages paid later than weekly, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

46. As to his **Second Cause of Action**, award plaintiff his unpaid overtime compensation, maximum liquidated damages, including liquidated damages on overtime wages paid later than weekly, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

47. As to his **Third Cause of Action**, award plaintiff, his entire unpaid wages, including his unpaid overtime wages, plus maximum liquidated damages, including liquidated damages on overtime wages and non-overtime wages, paid later than weekly, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §§ 191, 193, 198.

48. Award plaintiff prejudgment interest on all monies due.

49. Award plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

50. Award plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
         June 7, 2014

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com